UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JUNA HEWITT and KRISTEN THOMAS
on behalf of themselves and all others
similarly situated,

                Plaintiffs,

– against –

PRATT INSTITUTE,

                Defendant.

**MEMORANDUM & ORDER**

**NOT FOR PUBLICATION**

20-cv-2007 (ERK) (SJB)

---

KORMAN, *J.*:

Plaintiffs are two students at the Pratt Institute, a private university which focuses on architecture, design, and other artistic programs. Plaintiffs were students at Pratt during the spring 2020 semester, which began on January 21, 2020. About two months into the semester, on March 12, 2020, Pratt ended in-person classes in response to the coronavirus pandemic. Plaintiffs, along with other Pratt students, continued their semester through online instruction, which was vital to ensure their health and safety. They allege, however, that Pratt unlawfully retained tuition and fees in violation of its promise to provide in-person instruction and services. They assert claims for breach of contract, unjust enrichment, conversion, and money had and received, all on behalf of a putative class of students who paid spring 2020

1

tuition and fees and who did not receive a refund. Pratt moves to dismiss the Amended Complaint in its entirety.

## BACKGROUND

Plaintiffs allege that Pratt promised them in-person instruction in a variety of ways. First, they allege that the spring 2020 course catalog provided that their courses would be held in person. Am. Compl. ¶ 5. Indeed, plaintiffs allege that the catalog permitted students to search for classes that were "Not Online," and thus clearly differentiated between in-person and online instruction. *Id.* ¶ 6. Second, plaintiffs allege that Pratt markets its on-campus experience on its website, emphasizing the appeal of Pratt's offerings "inside the studio and classroom" and in New York City. *Id.* ¶ 35; *see also id.* ¶ 36. Plaintiffs claim that Pratt's remote offerings during the pandemic did not provide them the "benefit of the bargain" for which they paid tuition. *Id.* ¶ 37.

Plaintiffs also allege that they paid various fees for services that could only be provided in person. Those include fees for ceramics and printmaking courses, student activities, health services, and similar fees that were allegedly "designed to cover the costs of in-person experiences." *Id.* ¶¶ 17, 19. None of those services were provided, plaintiffs allege, from the middle of March 2020 through the end of the semester. *Id.* ¶ 33.

For the fall 2020 to spring 2021 school year, Pratt reduced its tuition by 7.5% and canceled several of its student fees for those studying remotely. *Id.* ¶¶ 38–40. The reduction in fees alone totaled more than $2,000. *Id.* ¶¶ 39–40. When announcing the fee reduction, Pratt explained that it understood "that students who choose to study 100 percent remotely online will not have the same access to services as the students who will be on campus," and thus they would "not be charged the fees typically associated with on-campus living and instruction." *Id.* ¶ 40. Plaintiffs claim that Pratt thereby admitted that it "recognizes the reduced cost and reduced benefit of an online education compared to in-person instruction" and that they should therefore also receive a partial refund for the spring 2020 semester. *Id.* ¶ 41. The plaintiffs do not say, however, whether they continued to enroll in Pratt for the fall 2020 to spring 2021 school year despite knowing that at least some of their coursework might be provided remotely.

For its part, Pratt emphasizes that the course catalog reserved the right to "update and otherwise change" any material in the catalog, including course offerings and other policies and procedures. ECF No. 23-1 at 4.[1] Pratt also

---

[1] I may consider the course catalog, which Pratt attached to its motion to dismiss, because plaintiffs repeatedly refer to it in the complaint and have therefore incorporated it by reference. *Chamberlain v. City of White Plains*, 960 F.3d 100, 105 (2d Cir. 2020).

3

highlights its refund policy, which provides that students are not entitled to refunds if they seek to withdraw after the third week of the term. ECF No. 23-2 at 1.

In deciding a motion to dismiss under Rule 12(b)(6), the complaint is construed liberally, all factual allegations are accepted as true, and all reasonable inferences are drawn in the plaintiffs' favor. *Elias v. Rolling Stone LLC*, 872 F.3d 97, 104 (2d Cir. 2017). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

I have jurisdiction over this putative class action under 28 U.S.C. § 1332(d) because plaintiffs allege that there are at least 100 members of the putative class, the amount in controversy exceeds $5 million, and at least one putative class member is a citizen of a different state than defendant.[2]

## DISCUSSION

### I. Plaintiffs May Pursue Their Claim for Breach of Contract Solely As to Fees

The relationship between a student and a university is a matter of contract, the terms of which are "contained in the university's bulletins, circulars and regulations

---

[2] Plaintiffs do not allege the non-New York citizenship of any particular class member, but they do claim that class members are "geographically dispersed throughout the United States." Am. Compl. ¶ 48. That suffices for now to demonstrate minimal diversity. *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 59 (2d Cir. 2006).

made available to the student." *Papelino v. Albany Coll. of Pharm. of Union Univ.*, 633 F.3d 81, 93 (2d Cir. 2011) (internal quotation omitted). "In general, to sustain a contract claim against a university, a student must point to a provision that guarantees certain specified services, not merely to a general statement[] of policy or to statements of opinion or puffery." *In re Columbia Tuition Refund Action*, --- F. Supp. 3d ---, 2021 WL 790638, at *3 (S.D.N.Y. Feb. 26, 2021) (internal quotations omitted).

Pratt argues that plaintiffs' suit is barred at the outset because New York law prohibits claims of "educational malpractice" or because adjudicating the claims would otherwise intrude on Pratt's academic freedom. The doctrine of educational malpractice bars claims "that the school breached its agreement by failing to provide an effective education," on the theory that "courts are an inappropriate forum to test the efficacy of educational programs and pedagogical methods." *Paladino v. Adelphi Univ.*, 89 A.D.2d 85, 89–90 (2d Dep't 1982).

I agree, however, with the "majority of district courts around the country that have declined to hold, at least on a motion to dismiss . . . that claims arising from universities' adoption of online instruction in response to the Covid-19 pandemic are barred under the educational malpractice doctrine." *In re Columbia Tuition Refund*, 2021 WL 790638, at *6 & n.5 (collecting cases). The core of plaintiffs' claims is not that their online education was subpar, but rather that they contracted for a

different form of instruction than they received. *See, e.g.*, Am. Compl. ¶¶ 11–14, 34, 42. To the extent that plaintiffs seek to enforce specific promises made by Pratt, those claims "are based on provisions of universities' publications that courts are well-equipped to interpret according to established contractual interpretation principles." *In re Columbia Tuition Refund*, 2021 WL 790638, at *7. Moreover, Pratt's argument that plaintiffs' claims impinge on its academic freedom rings particularly hollow with respect to fees paid for student activities or for access to certain technological or health services.

Plaintiffs have nonetheless failed to demonstrate that Pratt breached a promise to provide in-person instruction, and they are therefore unable to recoup tuition for the period of remote instruction. Plaintiffs point to promises that are either too general or too caveated to sustain a claim for breach of contract. Plaintiffs allege, for example, that the spring 2020 course catalog said that their courses would be provided on campus, and indeed that the catalog allowed students to search for courses that were "Not Online." Am. Compl. ¶¶ 5–6. But Pratt's catalog caveated that statement with a reservation of "the right to periodically update and otherwise change any material, including faculty listings, course offerings, policies, and

procedures[.]" ECF No. 23-1 at 4.³ In light of "the broad scope of this disclaimer," plaintiffs cannot plausibly allege that Pratt breached its contract in violation of the catalog's statement that certain classes would be held in person. *Romankow v. N.Y. Univ.*, 2021 WL 1565616, at *4 (S.D.N.Y. Apr. 21, 2021); *see also Prusack v. State*, 117 A.D.2d 729, 730 (2d Dep't 1986).⁴

The remaining statements upon which plaintiffs rely do not advance their cause. First, plaintiffs allege that Pratt's policies require "[a]ttendance of *all* class meetings," but that policy does not mandate in-person attendance. Am. Compl. ¶ 7 (emphasis in original). "Regular class attendance is possible during both in-person and virtual instruction." *Goldberg v. Pace Univ.*, --- F. Supp. 3d ---, 2021 WL 1565352, at *8 (S.D.N.Y. Apr. 21, 2021) (internal quotation and alteration omitted).

Plaintiffs also allege that Pratt's website "markets" its on-campus experience to prospective students. Am. Compl. ¶ 35. That website trumpets that Pratt students work "inside the studio and classroom, and out in the world," emphasizing its

---

3   In its memorandum of law, Pratt misquotes this language as reserving the right to update "faculty listings *of course locations*." ECF No. 23 at 4, 18 (emphasis added).

4   Pratt is wrong to argue, however, that its course withdrawal policy defeats plaintiffs' claims. That policy provides that tuition may not be refunded if a student seeks to withdraw after the twenty-second day of the term. ECF No. 23-2 at 1. The crux of plaintiffs' argument is not that they should have been able to withdraw from Pratt when the pandemic arrived, but rather that they no longer received the same form of instruction for which they had contracted.

7

location in New York and that its campus provides "a full array of services, programs and activities right here." *Id.* Likewise, plaintiffs point to another Pratt webpage highlighting its school of design and its renovated buildings, along with a quotation from the building's benefactor that the renovations will "promote the adaptability and resourcefulness that Pratt's students will need in a world in which the lines between disciplines are quickly fading." *Id.* ¶ 36. These statements are largely "'opinion or puffery' that [are] 'too vague to be enforced as a contract.'" *In re Columbia Tuition Refund*, 2021 WL 790638, at *4 (quoting *Bader v. Siegel*, 238 A.D.2d 272, 272 (1st Dep't 1997)); *see also Morales v. N.Y. Univ.*, 2021 WL 1026165, at *1 n.1 (S.D.N.Y. Mar. 17, 2021). They speak in such glowing terms that students could not reasonably rely upon them as promises of in-person instruction. They are best understood as advertisements "intended to inform potential students of available amenities" but not as a "contractually-enforceable *promise* to provide them irrespective of changing or unanticipated circumstances." *Espejo v. Cornell Univ.*, --- F. Supp. 3d ---, 2021 WL 810159, at *4 (N.D.N.Y. Mar. 3, 2021) (emphasis in original) (internal quotation omitted); *see also Vought v. Teachers Coll.*, 127 A.D.2d 654, 654–55 (2d Dep't 1987) (holding that university advertisements are not contractually binding).

While plaintiffs have not adequately alleged a claim for breach of contract as to in-person instruction, their pleadings are sufficient with respect to the fees they

paid for in-person services. Those include fees for participation in ceramics, sculpture, and printmaking courses, along with "other technical arts programs." Am. Compl. ¶ 30. They also include fees that students paid for use of campus facilities, health services, technology, and student activities. *Id.* ¶ 39.[5] Indeed, plaintiffs allege that Pratt has admitted that these fees were paid for in-person services. For the fall 2020 to spring 2021 academic year, Pratt did not charge these fees to students who were taking courses remotely. *Id.* ¶¶ 38–40. When making that announcement, Pratt told the student body:

> Whether a student chooses to take classes 100 percent remotely, face-to-face, or a combination, plenty of opportunities to engage with faculty and fellow students will be provided.
>
> We recognize, however, that students who choose to study 100 percent remotely online will not have the same access to services as the students who will be on campus. Therefore, in addition to the tuition, room, and board freeze, **students who study 100 percent remotely will not be charged the fees typically associated with on-campus living and instruction**.

*Id.* ¶ 40 (emphasis added). Taken together, plaintiffs have plausibly alleged that they paid fees in spring 2020 for services that could *only* be provided in person. As courts in this circuit have explained, those allegations suffice to state a claim for breach of contract when the school no longer provided those services come March 2020. *In re Columbia Tuition Refund*, 2021 WL 790638, at *6, 8; *Goldberg*, 2021 WL

---

[5] *See also* https://catalog.pratt.edu/undergraduate/tuition-fees/#feestext.

9

1565352, at *10–11; *Hassan v. Fordham Univ.*, 2021 WL 1263136, at *3 (S.D.N.Y. Apr. 6, 2021); *Espejo*, 2021 WL 810159, at *7; *Bergerson v. Rochester Inst. of Tech.*, 2020 WL 7486682, at *8 (W.D.N.Y. 18, 2020).

## II. Plaintiffs' Non-Contractual Claims Fail

Plaintiffs' remaining claims lack merit. Their unjust enrichment claim requires a showing that "equity and good conscience require restitution." *Kaye v. Grossman*, 202 F.3d 611, 616 (2d Cir. 2000) (internal quotation omitted). It is quite implausible to view Pratt's suspension of in-person instruction as inequitable. "On the contrary, on the facts alleged, there were compelling—indeed, compulsory—reasons for [Pratt's] abrupt move to online learning." *Goldberg*, 2021 WL 1565352, at *12. As plaintiffs acknowledge, Pratt suspended in-person classes "*because of the global Covid-19 pandemic*." Am. Compl. ¶ 9 (emphasis added). That was undoubtedly the right thing to do, and plaintiffs do not plausibly allege that Pratt was enriched as a result. *See Hassan v. Fordham Univ.*, 2021 WL 293255, at *10–11 (S.D.N.Y. Jan. 28, 2021). To the contrary, it seems likely that Pratt incurred additional costs to transform its educational offerings so swiftly to an online format, in addition to all its other fixed costs. Plaintiffs, who had already enjoyed half their semester in person, continued to receive an education and credits toward their degrees. "On the facts pled, this is not close to a case in which 'equity and good conscience' require restitution." *Goldberg*, 2021 WL 1565352, at *12.

The unjust enrichment claim fails for the additional reason that under New York law, "a party may not recover in . . . unjust enrichment where the parties have entered into a contract that governs the subject matter." *Cox v. NAP Constr. Co., Inc.*, 10 N.Y.3d 592, 607 (2008); *accord Rabin v. Mony Life Ins. Co.*, 387 F. App'x 36, 42 (2d Cir. 2010). Plaintiffs' relationship with Pratt—and the alleged harm plaintiffs faced—is governed by a contract, and the unjust enrichment claim is therefore dismissed. *See In re Columbia Tuition Refund*, 2021 WL 790638, at *9 (collecting cases). The same is true of plaintiffs' claim for money had and received, which "lies only in the absence of an agreement." *Galopy Corp. Int'l N.V. v. Deutsche Bank, A.G.*, 150 A.D.3d 416, 417 (1st Dep't 2017).

Finally, plaintiffs' conversion claim fails for multiple reasons. Plaintiffs did not respond to Pratt's arguments for dismissal of this claim, and they have therefore abandoned it. *Malik v. City of N.Y.*, 841 F. App'x 281, 284 (2d Cir. 2021); *see also Yu v. U.S. Dep't of Transp.*, 440 F. Supp. 3d 183, 196 (E.D.N.Y. 2020) (collecting cases). In any event, plaintiffs' conversion claim is "predicated on a mere breach of contract" and therefore fails as duplicative. *In re Columbia Tuition Refund Action*, 2021 WL 790638, at *9 (quoting *Jeffers v. Am. Univ. of Antigua*, 125 A.D.3d 440, 443 (1st Dep't 2015)).

## CONCLUSION

The motion to dismiss is granted in part and denied in part. Pratt shall answer the Amended Complaint within fourteen days. Fed. R. Civ. P. 12(a)(4)(A).

SO ORDERED.

*Edward R. Korman*

Brooklyn, New York
July 2, 2021

Edward R. Korman
United States District Judge